IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LESLIE L. COLEMAN, | )<br>) |
| Petitioner, | )  Case No. 3:12-0750<br>)  Senior Judge Haynes |
| v. | )<br>) |
| ERIC QUALLS, Warden, | )<br>) |
| Respondent. | ) |

**MEMORANDUM**

Petitioner, Leslie L. Coleman, a state prisoner, filed this pro se action under 28 U.S.C. § 2254 seeking to set aside his convictions for first degree murder and especially aggravated robbery for which he received a life sentence and fifteen (15) years. After a review of the pro se action, the Court appointed the Federal Public Defender to represent Petitioner and granted leave to file an amended petition.

Before the Court is the Respondent's motion to dismiss the amended petition for a federal writ of habeas corpus (Docket Entry No. 38) as untimely under 28 U.S.C. § 2244(d) and without any showing of good cause for equitable tolling. In sum, Respondent contends that the one-year limitations period for this action commenced on April 24, 1996, the enactment date of the Antiterrorism and Effective Death Penalty Act (AEDPA). See Searcy v. Carter, 246 F.3d 515, 517 (6th Cir. 2000). Thus, the limitations period expired on April 24, 1997. To date, Petitioner has not filed a response.

On October 17, 1991, Petitioner pled guilty to first degree felony murder and especially aggravated robbery for which his sentences were life and 15 years. Petitioner did not file a direct

appeal, but on October 1, 1992[1] filed a timely petition for post-conviction relief. Coleman v. State, No. 01C01-9605-CR-00203, 1997 WL 254237, at *1 (Tenn. Crim. App. May 16, 1997). Petitioner withdrew that petition on November 25, 1992, prior to a hearing on the merits. Id.

On August 15, 1995, Petitioner filed a state post-conviction relief petition. Id. at *1-*2. The state court held that the petition was barred by the statute of limitations. Id. On May 29, 2003, Petitioner appealed the trial court's dismissal of his third petition for post-conviction relief. Coleman v. State, No. M2003-01755-CCA-R3PC, 2004 WL 2309134, at *1-*2 (Tenn. Crim. App. Oct. 13, 2004). On August 16, 2010, Petitioner filed a state habeas petition, which the trial court denied and the Court of Criminal Appeals affirmed. Coleman v. Morrow, No. E2010-02299-CCA-R3HC, 2011 WL 3667724, at *3 (Tenn. Crim. App. Aug. 22, 2011).

Petitioner filed this action on July 13, 2012. (Docket Entry No. 2). On August 14, 2012, Respondent moved to dismiss the petition as time-barred. (Docket Entry No. 10-11). The Court denied the motion to dismiss without prejudice and allowed Petitioner 60 days to file an amended petition. (Docket Entry No. 14). Petitioner did not file an amended petition within 60 days. On November 28, 2012, Respondent renewed his motion to dismiss the petition as time-barred and cited Petitioner's failure to prosecute as an additional basis for dismissal. (Docket Entry No. 17, 18). On February 21, 2013, the Court denied the renewed motion to dismiss without prejudice, appointed counsel, and allowed Petitioner another 60 days to file an amended petition. (Docket Entry No. 20). After several extensions, Petitioner's counsel filed an amended petition on January 17, 2014.

---

[1] Petitioner asserts that his first state post-conviction petition was filed on August 26, 1992 (Docket Entry No. 35 at 11), but a contrary date is in the opinion on one of the Petitioner's post-conviction appeals. See Coleman, 1997 WL 254237, at *1. This disparity is inconsequential because the applicable limitations period did not commence until AEDPA's enactment in 1996.

(Docket Entry No. 35). The amended petition presents two claims: that counsel rendered ineffective assistance during guilty plea proceedings; and that the plea was not knowing, intelligent, and voluntary. (Docket Entry No. 35 at 30, 33). Petitioner has not responded to Respondent's motion to dismiss.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified in 28 U.S.C. § 2244(d)(1), provides a one-year statute of limitations for § 2254 habeas corpus petitions such as the one filed by the Petitioner herein, running from the latest of:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See also Stokes v. Williams, 475 F.3d 732, 734 (6th Cir. 2007). For convictions that became final before the enactment of the AEDPA, the limitations period begins to run on the date of AEDPA's enactment, April 24, 1996. Id.

The one-year period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In the context of federal habeas and collateral challenge tolling, the United States Supreme Court has held:

> [A]n application is "properly filed" when its delivery and acceptance are in

3

> compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, a state post-conviction petition that was deemed untimely by state courts will not toll the limitations period applicable to federal habeas actions. Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003).

On October 17, 1991, Petitioner entered a guilty plea. Coleman, 1997 WL 254237, at *1. Thirty days later, on November 16, 1991, that plea became final. State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). Petitioner filed a timely state post-conviction petition on October 1, 1992, and withdrew that petition on November 25, 1992, before a hearing on the merits. Coleman, 1997 WL 254237, at *1; see Tenn. Code Ann. § 40-30-102(a). The statute of limitations that originally expired on November 16, 1992 was thus tolled for 45 days. When the petition was withdrawn, the statute of limitations began to run again, and expired on January 9, 1993. When AEDPA was enacted on April 24, 1996, a new federal habeas limitations period commenced and expired one year later on April 24, 1997. Stokes, 475 F.3d at 734. Under Vroman, Petitioner's untimely state post-conviction action did not toll the federal habeas limitations period. 346 F.3d at 604. The pro se petition in this action was filed on July 13, 2012, more than 15 years later.

Petitioner has not asserted any basis to entitle him to equitable tolling nor shown that he diligently pursued his rights or that some extraordinary circumstances prevented him from timely filing. "The doctrine of equitable tolling is applied sparingly by federal courts" and "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Vroman, 346 F.3d at 604. Petitioner bears the burden to demonstrate cause for equitable tolling. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003); Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). Thus, the Court concludes that the Respondent's motion to dismiss the amended petition should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 24th day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge